IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| Arlene R. Atherton,<br><br>                    Plaintiff,<br>v.<br><br>Salt Lake City Library et al.,<br><br>                    Defendants. | REPORT AND RECOMMENDATION<br><br>Case No. 2:19-cv-00452-CW-DBP<br><br>District Judge Clark Waddoups<br><br>Chief Magistrate Judge Dustin Pead |

    Pending before the court are two motions to dismiss filed by Defendants. (ECF No. 34, ECF No. 39.)[1] Plaintiff Arlene Atherton, is proceeding *pro se* after the court granted her Motion for Leave to Proceed *in forma pauperis*. (ECF No. 2.) Plaintiff's Amended Complaint alleges that Defendants violated her civil rights under 42 U.S.C. § 1983 for giving her a trespassing warning, threatening to call the Salt Lake City Police, and threatening that she would be arrested. Because Plaintiff is acting pro se, the court construes her pleadings liberally and holds them to a less stringent standard than formal pleadings drafted by lawyers. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

    The undersigned previously entered a Report and Recommendation recommending dismissal based on Plaintiff's failure to address prior issues with her first Complaint. Plaintiff filed a "Notice change of address" in response to the Report and Recommendation and Plaintiff was granted an additional opportunity to file an amended complaint. On August 29, 2021, Plaintiff filed an amended complaint. (ECF No. 17.) Because Plaintiff is proceeding pro se, and due to the issues that arose previously with Plaintiff failing to receive notice of the court's

---

[1] This matter is referred to the undersigned in accordance with 28 U.S.C. §636(b)(1)(B). (ECF No. 6.)

decisions, the court chose to exercise additional discretion in permitting service of the amended complaint. (ECF No. 22.) To that end, the court entered three orders regarding service of process. In these orders the court noted that it is Plaintiff's responsibility to provide the United States Marshal with correct information to effect service. *See Pemberton v. Patton*, 673 F. App'x 860, 864 (10th Cir. 2016) ("the Marshals Service is not responsible for lack of service where a plaintiff does not provide correct information required for service") *Oltremari ex rel. McDaniel v. Kan. Soc. & Rehab. Serv.*, 871 F.Supp. 1331, 1352 (D. Kan. 1994) (noting that dismissal of an ifp case for Marshals Service's failure to effect service is improper unless the service defect "result[s] from inadequate or inaccurate information presented by plaintiff or on a lack of diligence on the part of plaintiff") *Fields v. Okla. State Penitentiary*, 511 F.3d 1109, 1113 (10th Cir. 2007). In the third order regarding service the court specifically stated that dismissal may be proper if Plaintiff provides inadequate or inaccurate information. (ECF No. 29. p. 2) Defendants Salt Lake City Police Department and Salt Lake City Municipality (City Defendants or City) move to dismiss this matter on the grounds that Plaintiff has failed to properly serve the City. Defendant Salt Lake City Library (Library) also moves to dismiss based on insufficient service of process and based on Fed. R. Civ. P. 12(b)(6), for failure to state a claim upon which relief may be granted. The court addresses the motions in turn.

## LEGAL STANDARDS

Pertinent here are the standards for Rules 12(b)(5), 12(b)(6) and 28 U.S.C. § 1915.

**A. Rule 12(b)(5)**

The Court may dismiss a case under Rule 12(b)(5) for insufficient service of process. A "Rule 12(b)(5) motion challenges the mode of delivery or the lack of delivery of the summons and complaint." 5B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure 3D

§ 1353. Here, the court notes that Plaintiff is proceeding in forma pauperis. (ECF No. 2.) "[A] party proceeding in forma pauperis is entitled to rely on the United States Marshal for service of the summons and complaint." *Garland v. State of Kan. Dep't of Revenue*, No. 93–4241–SAC, 1994 WL 66614, at *1 n. 2 (D.Kan. Jan. 31, 1994); *see also*, Fed.R.Civ.P. 4(c)(2); 28 U.S.C. § 1915(c) (1994). The court should not penalize a plaintiff proceeding in forma pauperis with dismissal of her case "when service fails because the Marshal or clerk's office does not perform the duties specified by the rule and statute," unless the defects result from inadequate or inaccurate information presented by plaintiff, or on a lack of diligence by the plaintiff. *Garland*, 1994 WL 66614, at *1 n. 2. Absent a blameworthy plaintiff, the court should "instruct the clerk's office and U.S. Marshal to correct the defects in service without dismissing the action." *Id*.

**B. Rule 12(b)(6)**

Federal Rule 12(b)(6) tests "the sufficiency of the allegations within the four corners of the complaint after taking those allegations as true." *Mobley v. McCormick*, 40 F.3d 337, 340 (10th Cir.1994). To survive a Rule 12(b)(6) motion, "[t]he complaint must plead sufficient facts, taken as true, to provide 'plausible grounds' that discovery will reveal evidence to support plaintiff's allegations." *Shero v. City of Grove, Okla.*, 510 F.3d 1196, 1200 (10th Cir.2007) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "[P]lausibility refers to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiff[ ][has] not nudged [her] claims across the line from conceivable to plausible." *Khalik v. United Air Lines*, 671 F.3d 1188, 1191 (10th Cir.2012) (internal quotations and citations omitted).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the alleged misconduct."

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Yet, "[a] pleading that offers 'labels and conclusions' or a formulaic recitation of the elements of a cause of action will not do. Nor does the complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id*. (citation omitted). "Specific facts are not necessary[. Instead,] the statement need only give the defendant fair notice of what the ... claim is and the grounds upon which it rests[, and is not required to] include all facts necessary to carry the plaintiff's burden." *Khalik*, 671 F.3d at 1192 (internal citation and quotation omitted).

"The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (citation omitted). As the Tenth Circuit has explained, "the mere metaphysical possibility that some plaintiff could prove some set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that this plaintiff has a reasonable likelihood of mustering factual support for these claims." *Ridge at Red Hawk, LLC v. Schneider*, 493 F.3d 1174, 1177 (10th Cir.2007). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Iqbal*, 556 U.S. at 678 (citation omitted).

**C. Section 1915**

Section 1915(e) provides that the court "shall dismiss the case at any time if the court determines" that the action "is frivolous" or "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). The court may dismiss a complaint as frivolous due to either legal or factual shortcomings. *See Neitzke v. Williams,* 490 U.S. 319, 325 (1989). Section 1915(e) "is designed largely to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the

costs of bringing suit and because of the threat of sanctions for bringing vexatious suits under Federal Rule of Civil Procedure 11." *Neitzke*, 490 U.S. at 327. To help facilitate that objective, Section 1915(e) provides the court with power to not only dismiss a claim based on an indisputably meritless legal theory, "but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Id*.

A cause of action is legally frivolous if it alleges the "infringement of a legal interest which clearly does not exist." *Id*.; *see also Sardakowski v. Ivandick*, 653 F. App'x 596, 597 (10th Cir. 2016). A complaint is factually frivolous when its factual allegations are "clearly baseless," a classification encompassing allegations that are fanciful, fantastic, and delusional. *See Denton v. Hernandez*, 504 U.S. 25, 32–33 (1992). As noted previously, a complaint fails to state a claim upon which relief may be granted if it does not "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The Supreme Court has explained that "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*.

## DISCUSSION

When service of process is insufficient, the court may dismiss the action without prejudice. Here the court entered three orders affording Plaintiff with multiple opportunities to fulfill her responsibility to provide correct information for service by the United States Marshal's Office. The City Defendants argue service to Katherine Lewis, who is the City Attorney for Salt

Lake City Corporation, is invalid because she is not authorized by law or appointed to receive service of process in this matter. The City cites to Federal Rule 4(j)(2), which sets forth how a state or local government may be served. It provides:

> A state, a municipal corporation, or any other state-created governmental organization that is subject to suit must be served by:
> (A) delivering a copy of the summons and of the complaint to its chief executive officer; or
> (B) serving a copy of each in the manner prescribed by that state's law for serving a summons or like process on such a defendant.

Fed. R. Civ. P. 4(j)(2).  Ms. Lewis is not the City's Chief Executive Officer, so service fails. The undersigned agrees.

The Library also takes issue with Plaintiff's service. Rather than serving a copy of the summons and complaint to any member of its governing board, or to its executive employee or secretary, *see* Utah R. Civ. P. 4(d)(1)(K),[2] the summons and complaint was delivered to a "receptionist/front desk person" at a library branch.

Albeit late, Plaintiff did file two oppositions to Defendants' motions that are also characterized as a motion reply and motion response. (ECF No. 48, ECF No. 49.) Plaintiff states that "she didn't receive a copy of [the motions] from Defendant's counsel until the 15th of October, 2022." (ECF No. 49 p. 1.) The court is concerned that Ms. Atherton has continued to be dilatory in her responses. Plaintiff was warned previously about her responsibility to keep her address updated. In this instance, Plaintiff does not note a change in her address. Rather, she simply notes receiving the motions supposedly late without any further explanation. In response to Defendants' arguments regarding service, Plaintiff outlines her efforts and notes she "followed instructions as best as she could." (ECF No. 49 p. 1.) Plaintiff avers she was given the name of

---

[2] The Utah Rules of Civil Procedure provide for service upon a "public board, commission or body by delivering a copy of the summons and complaint as required by statute, or in the absence of a controlling statute, to any member of its governing board, or to its executive employee or secretary." Utah R. Civ. P. 4

Katherine N. Lewis, however, Plaintiff does not mention by whom and for what purpose she was given Ms. Lewis' name. Plaintiff does not specifically address the Library's arguments regarding service and instead, points to general principles of latitude for pro se plaintiffs. The court has adhered to these principles by allowing Plaintiff to amend her complaint, providing multiple opportunities to effectuate service, allowing service of the complaint, and considering pleadings that were late under the Local Rules.

Although "[a] pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers," *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir.1991), the Tenth Circuit "has repeatedly insisted that pro se parties follow the same rules of procedure that govern other litigants." *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir.1994) (internal quotation marks omitted). Thus, although the court makes allowances for "the [pro se] plaintiff's failure to cite proper legal authority, [her] confusion of various legal theories, [her] poor syntax and sentence construction, or [her] unfamiliarity with pleading requirements [,]" *Hall*, 935 F.2d at 1110, the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record. *See id*. ("[W]e do not believe it is the proper function of the district court to assume the role of advocate for the pro se litigant.").

Allowing three opportunities for Plaintiff to provide correct information to effectuate service is lenient and meets the liberal standard of deference given to pro se litigants. Case law is clear that this court cannot become Plaintiff's advocate. The court afforded Plaintiff multiple opportunities to provide the Marshall's Service with the correct information for service. The defects in service arise from inadequate or inaccurate information presented by Plaintiff, thus dismissal is proper. *See Oltremari*, 871 F.Supp. at 1352.

In the alternative, and setting aside the issues with service of the Complaint, the undersigned finds there are serious issues with Plaintiff's Amended Complaint that also warrant dismissal. As noted in a prior Report and Recommendation, Ms. Atherton is no stranger to litigation, having filed a number of similar complaints previously, including four other matters involving Salt Lake City or the Salt Lake City Police Department.[3] These matters were dismissed.

Plaintiff claims she is a member of the general public and has a right to enter the library. She was present at the library one day and was stopped by CDI Security who allegedly detained her with a threat of arrest. Ms. Atherton had been attempting to speak to the Mayor's Office and was sent to the Library after multiple failures to visit with the Mayor's office. Ms. Atherton had a prior charge for trespassing at the library but had "legitimate business" to conduct at the library, presumably from allegedly being directed there in an effort to contact the Mayor's Office. Plaintiff was supposedly already leaving the library when the Salt Lake City Police escorted her out and eventually arrested her issuing a trespassing citation. Ms. Atherton notes she has faced a number of prior arrests.

It appears Plaintiff has set fourth five separate causes of action. These allege violations of federal constitutional rights including under the First, Fourth, Fifth, and Fourteenth Amendments pursuant to 42 U.S.C. § 1983. "Local governing bodies…can be sued directly under § 1983 for monetary, declaratory, or injunctive relief where…the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision

---

[3] *See* Atherton v. Amtrak Railroad et al, case no. 2:19-cv-378 DAK-CMR; Atherton v. City of Glenwood Springs Co et al, case no. 2:19-cv-379 DB; Atherton v. Salt Lake City Police Department, case no. 2:19-cv-386 DB-DBP; Atherton v. Salt Lake City Police Department et al., case no. 2:19-cv-412 CW-PMW; Atherton v. Salt Lake City et al., case no. 2:19-cv-429 DB-PMW; Atherton v. Salt Lake City et al., case no. 2:19-cv-451 TS-CMR; and Atherton v. Salt Lake City Library et al., case no. 2:19-cv-452 CW-DBP.

officially adopted and promulgated by that body's officers." *Monell v. Department of Social Services of City of New York*, 436 U.S. 658, 690, 98 S. Ct. 2018 (1978). A local government entity, however, "may not be sued under § 1983 for an injury inflected solely by its employees or agents. Instead, it is when execution of a government's policy or custom…inflicts the injury that the government as an entity is responsible under § 1983." *Id.* at 694.

Plaintiff has not identified any policy, custom, or practice underlying her alleged detention or arrest, and cannot meet her burden by identifying a single incident of alleged unconstitutional activity. *See City of Oklahoma City v. Tuttle*, 471 U.S. 808, 823–24, 105 S. Ct. 2427, 2436 (1985) ("Proof of a single incident of unconstitutional activity is not sufficient to impose liability under *Monell*, unless proof of the incident includes proof that it was caused by an existing, unconstitutional municipal policy, which policy can be attributed to a municipal policymaker."). There are no facts indicating Defendants' unidentified policy was the "moving force of the constitutional violation" *Id.* at 819, nor is it linked to some official policy regarding Plaintiff's alleged detention by CDI Security. In opposition Ms. Atherton provides "Plaintiff does not allege a policy as unconstitutional. Plaintiff states that there is a custom or practice to ignore criminal code at the SLC Library and a custom or practice to use private property trespassing law instead of public property trespassing law." (ECF No. 48 p. 6.) Plaintiff then goes on to note other instances with "run ins with SLC Police." Each of these instances supposedly involved an establishment threatening trespassing. This is not enough to establish a policy, custom, or practice to create liability under *Monell*.

A complaint fails to state a claim upon which relief may be granted if it does not "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (citation omitted). Plaintiff's facts fail to set forth a claim to relief that is

plausible on its face. Section 1915(e) provides that the court "shall dismiss the case at any time if the court determines" that the action "is frivolous" or "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). The court may dismiss a complaint as frivolous due to either legal or factual shortcomings. *See Neitzke,* 490 U.S. 319. Thus, dismissal is also warranted under § 1915.

## RECOMMENDATION

Accordingly, as set forth above, the Court RECOMMENDS that this matter be dismissed and Plaintiff's motions filed in opposition be denied.

Copies of the foregoing Report and Recommendation are being sent to all parties who are hereby notified of their right to object. Within fourteen (14) days of being served with a copy, any party may serve and file written objections. *See* 28 U.S.C. §636(b)(1); Fed. R. Civ. P. 72(b). Failure to object may constitute a waiver of objections upon subsequent review.

DATED this 24 October 2022.

_____
Dustin B. Pead
United States Magistrate Judge