IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| ARLENE R. ATHERTON,<br><br>Plaintiff,<br><br>v.<br><br>SALT LAKE CITY LIBRARY et al.,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER DISMISSING CASE<br><br>Case No. 2:19-CV-00452-CW<br><br>Judge Clark Waddoups<br><br>Magistrate Judge Dustin Pead |

Before the court is Magistrate Judge Dustin Pead's Report and Recommendation recommending dismissal of this action. (ECF No. 50.) On November 14, 2022, Plaintiff Arlene Atherton filed a document entitled "Motion to Reconsider." (ECF No. 52.) While Ms. Atherton's filing purports to be a motion, it challenges the findings and conclusions of Judge Pead's Report and Recommendation. Accordingly, the court will construe the filing as an objection to the Report and Recommendation. *Cf. Black v. Russell*, No. 22-6111, 2023 WL 2396360 at *3 (10th Cir. Mar. 8, 2023) (unpublished) (finding that pro se filing entitled "declaration in opposition to Defendants' motion for summary judgment" was intended to be objection to magistrate judge's report and recommendation and treating it as such).

As explained further below, while Ms. Atherton's objections were not timely filed, the court finds that the interests of justice support consideration of Ms. Atherton's objections. Having accepted Ms. Atherton's objection, the court is required to "make a de novo determination of those portions of the report or specific proposed findings or recommendations to which objection is

made." 28 U.S.C. § 636(b)(1). The court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."

## Background

Ms. Atherton has brought suit against the Salt Lake City Library, Salt Lake City Police Department, and Salt Lake City Municipality (the "City") for alleged violations of her civil rights arising out of an incident where she was asked to leave the Salt Lake City Library and allegedly arrested by Salt Lake City police officers on a claim of trespassing. (*See* Second Am. Compl., ECF No. 24.)

In response to Ms. Atherton's complaint, the City and the Police Department brought a motion to dismiss, arguing that Ms. Atherton had not properly served the City and that, because the Police Department was a sub-unit of the City, and not a separate legal entity, it had no separate capacity to sue or be sued. (*See* City's Mot. to Dismiss, ECF No. 34.) The Library filed a separate motion to dismiss, arguing that it too was not properly served, that Ms. Atherton is a vexatious litigant, and that Ms. Atherton's complaint fails to state a claim for relief. (*See* Library's Mot. to Dismiss, ECF No. 39.)

Judge Pead recommends granting both motions to dismiss on two bases. First, he concluded that Defendants were not properly served as a result of Ms. Atherton's failure to provide the Marshals Service with the correct information needed for service. Accordingly, Judge Pead recommends that Ms. Atherton's complaint be dismissed for insufficient service of process pursuant to Rule 12(b)(5). (*See* Report & Recommendation at 5-7, ECF No. 50.)

Second, Judge Pead recommends dismissal of Ms. Atherton's complaint as frivolous pursuant to 28 U.S.C. § 1915(e)(2), because the complaint fails to allege the existence of a

government policy or custom that violated Ms. Atherton's civil rights, a prerequisite to bringing suit against a governmental entity under 42 U.S.C. § 1983.

## Analysis

### I.   Waiver of Objections

As an initial matter, the court must consider whether Ms. Atherton has waived her right to object to the Report and Recommendation as a result of not filing her objections timely.

Ms. Atherton's objection was not filed within the period allowed for objections that is permitted by 28 U.S.C. § 636(b)(1), even when the three-day extension for service by mail set forth in Rule 6(d) is considered. The Report and Recommendation was served by mail on Ms. Atherton on October 24, 2022. (ECF No. 50.) Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b)(2) of the Federal Rules of Civil Procedure, Ms. Atherton was permitted to file an objection within fourteen days of being served with a copy of the Report and Recommendation, and, because the Report and Recommendation was served on Ms. Atherton by mail, the period for filing an objection was extended by an additional three days. *See* Fed. R. Civ. P. 6(d). Accordingly, Ms. Atherton's deadline for filing an objection was November 10, 2022. Ms. Atherton, however, did not file her objection until November 14, 2022. Therefore, Ms. Atherton's objection was untimely.

In the Tenth Circuit, courts apply a "firm waiver rule" under which parties are deemed to have waived any right to challenge a magistrate judge's rulings if they fail to file a timely objection. *See Morales-Fernandez v. I.N.S.*, 418 F.3d 1116, 1119 (10th Cir. 2005) ("This court has adopted a firm waiver rule under which a party who fails to make a timely objection to the magistrate judge's findings and recommendations waives appellate review of both factual and legal questions."). Two exceptions apply to the firm waiver rule, however: (1) when "a *pro se* litigant

has not been informed of the time period for objecting and the consequences of failing to object" or (2) when "the 'interests of justice' require review." *Id*. (citations omitted).

The first exception to the firm waiver rule does not apply in this instance. Judge Pead's Report and Recommendation clearly notified the parties, including Ms. Atherton, of the time period for filing on an objection and the potential consequences if a timely objection was not filed. (*See* Report and Recommendation at 10, ECF No. 50.)

With respect to the second exception, the Tenth Circuit has acknowledged that the "interests of justice" exception has not been defined with much specificity and presents a "rather elusive concept." *Morales-Fernandez*, 418 F.3d at 1119-20. The court, however, has enumerated several factors that may be considered when deciding whether the "interests of justice" exception should be invoked. Relevant to this case, the court has held that "a *pro se* litigant's effort to comply, the force and plausibility of the explanation for his failure to comply, and the importance of the issues raised are all relevant considerations" when deciding whether to recognize an "interest of justice" exception to the firm waiver rule. *Id*. at 1120 (citations omitted).

The court finds that these factors weigh in favor of applying an "interests of justice" exception in this instance to evaluate Ms. Atherton's objection to the Report and Recommendation, despite it being untimely filed. While Ms. Atherton, a *pro se* party, did not file her objection in strict compliance with the rules, the delay in filing her objection was not significant and there is no evidence that it prejudiced Defendants in any way. Ms. Atherton claims that she did not receive a copy of the Report and Recommendation until November 5, 2022 and was "struck down with the flu and . . . in bed" on November 6th, which apparently delayed her ability to file a timely objection. (*See* Obj. at 1, ECF No. 52.) Taking Ms. Atherton at her word, the court acknowledges

4

that, while a delay in receiving the Report and Recommendation does not excuse the failure to file a timely objection, it does help to explain why an objection was not filed within the period provided by statute and the rules. The court admonishes Ms. Atherton, however, that when circumstances prevent her from filing required documents on time, it is her responsibility to seek an extension of the deadline *before* it expires. *See* Fed. R. Civ. P. 6(b). Finally, because adopting the report and recommendation would result in dismissal of Ms. Atherton's action, the court finds that it is important to consider the issues raised by Ms. Atherton's objection before confirming that significant consequence. Accordingly, the court finds it is in the interest of justice to consider Ms. Atherton's objection, although it was untimely.

## II. Service of Process.

Ms. Atherton objects to Judge Pead's recommendation to dismiss her complaint on grounds of insufficient service of process, arguing that she did provide the Marshals Service with correct and accurate information necessary to affect proper service. (*See* Objection at 4-6, ECF No. 52.)

As a pro se litigant proceeding *in forma pauperis*, Ms. Atherton was entitled to have process served by the court, either through the Marshals Service or a person specially appointed by the court. *See* 28 U.S.C. § 1915(d); Fed. R. Civ. P. 4(c)(3). Thus, it is not appropriate to dismiss an IFP's litigant's complaint for improper service of process when service is not properly made as a result of the Marshals Service's failure to comply with the rules for service. *See Oltremari by McDaniel v. Kansas Social & Rehabilitative Serv.*, 871 F. Supp. 1331, 1352 (D. Kan. 1994). "Absent a blameworthy plaintiff, the court should 'instruct the clerk's office and U.S. Marshal to correct the defects in service without dismissing the action.'" *Id*. (citation omitted).

It is Ms. Atherton's responsibility, however, to provide the Marshals Service with the address of the person to be served. *See Fields v. Okla. State Penitentiary*, 511 F.3d 1109, 1113 (10th Cir. 2007). And when defects in service "result from inadequate or inaccurate information presented by plaintiff or on a lack of diligence on the part of plaintiff," then dismissal under Rule 12(b)(5) is appropriate. *Oltremari*, 871 F. Supp. at 1352.

Here, Judge Pead provided Ms. Atherton with multiple opportunities to provide the Marshals Service with correct information to allow proper service of process. (*See* Report and Recommendation at 7, ECF No. 50.) Despite being provided multiple opportunities to provide the necessary information to properly serve Defendants, Judge Pead concluded that neither the City nor the Library were served properly and that the defects in service were the result of Ms. Atherton failing to provide adequate information to the Marshals Service. (*Id*.)

With respect to the City, Judge Pead concluded that service was not effective because Ms. Atherton directed the Marshals Service to serve Katherine Lewis, the City Attorney, rather than the City's Chief Executive Officer, as required by Fed. R. Civ. P. 4(j). (*Id*. at 6.) Ms. Atherton argues that she is not responsible for defective service on the City because she was purportedly told by someone in the City Attorney's office that Ms. Lewis was the proper person to receive service for the City.

The fact that Ms. Atherton may have received incorrect information from a City employee regarding who may receive service for the City, however, does not alter the fact that service on Ms. Lewis did not constitute proper service on the City. As Judge Pead correctly noted, Rule 4(j) of the Federal Rules of Civil Procedure provides that a state or local governmental entity may be served by one of two means. First, by "delivering a copy of the summons and of the complaint to

its chief executive order." Fed. R. Civ. P. 4(j)(2)(A). There is no dispute that Ms. Lewis is not the chief executive order of the City. Accordingly, service on the City was not proper under Rule 4(j)(2)(A).

Alternatively, Rule 4(j)(2)(B) provides that service can be accomplished by serving a state or local governmental entity "in the manner prescribed by that state's law for serving a summons of like process on such a defendant." And Rule 4(d)(1)(F) of the Utah Rules of Civil Procedure provides that service on an incorporated city may be accomplished by "delivering a copy of the summons and complaint as required by statute, or in the absence of a controlling statute, to the recorder." The parties have not identified, and the court has been unable to identify, any Utah statute that would govern service of process on the City. Accordingly, Utah Rule 4(d)(1)(F) provides service on the City's recorder as an alternative method of ensuring that service on the City is proper. But Ms. Lewis is not the City's recorder either.

Accordingly, the court finds that Judge Pead's conclusion that service on the City was not proper as a result of Ms. Atherton's failure to identify the proper person to receive service on behalf of the City was correct. While Ms. Atherton claims that she was told by someone in the City Attorney's office that service on Ms. Lewis would be proper, it is Ms. Atherton's responsibility to ensure that she complies with the rules for proper service. Although Ms. Atherton is entitled to some leeway in litigating this action, she is still required to comply with the federal rules and it would be improper for the court to act as Ms. Atherton's advocate in ensuring that she identifies the proper individuals to receive service for the City.

Accordingly, the court agrees that service on the City was improper as a result of Ms. Atherton failing to provide adequate information to allow the Marshals Service to ensure proper

service on the City. The court will, therefore, approve and adopt that portion of the Report and Recommendation pertaining to improper service on the City.

With respect to service on the Library, Judge Pead concluded that service was improper because process was delivered to a "receptionist/front desk person" at a library branch rather than a person authorized to receive service by the Library under the Federal Rules. While Ms. Atherton does not appear to contest that service was improper with respect to the Library, she argues that she is not to blame for the improper service because she provided accurate and adequate information to the court to allow the Marshals Service to provide proper service.

After reviewing the record, including forms that were submitted to the court by Ms. Atherton identifying information necessary to provide service to the Library, the court agrees with Ms. Atherton. Ms. Atherton attached a form to her objection identifying Debbie Ehrman, the Interim Director of the Library, as the person to receive service for the Library. (ECF No. 52-1 at 2-3.) (*See also* ECF No. 27 at 6-7.) The record also shows that the summons signed by the Clerk of the Court correctly identified Ms. Ehrman as the person to receive service on behalf of the Library.

While the information provided by Ms. Atherton directed service to be made on Ms. Ehrman, the summons return filed on the docket indicates that service was attempted by FedEx delivery. (*See* ECF No. 41.) And evidence submitted by the Library shows that the service packet sent by the Marshals Service was delivered to the "Receptionist/Front Desk" of a library branch and was signed for by someone named A. Roberts, not Ms. Ehrman. (*See* ECF No. 39-3.)

Because service was not made on Ms. Ehrman, Judge Pead was correct in his conclusion that the Library had not been properly served. Judge Pead was incorrect, however, in his

determination that failure of service on the Library was the result of Ms. Atherton's failure to provide adequate information for service. As Ms. Atherton correctly notes in her objection, it was the Marshals Service that made the decision to attempt to accomplish service on the Library by FedEx Delivery, a method that does not appear to be permitted under the Utah Rules,[1] not Ms. Atherton. Thus, it was improper to recommend dismissal of Ms. Atherton's claims against the Library on grounds of improper service where the fault for the improper service lies with the Marshals Service.

If improper service were the only grounds identified by the Report and Recommendation for dismissing Ms. Atherton's claims against the Library, then the court would deny the Library's motion to dismiss and direct the Marshals Service to cure the defects in service. Because, as explained in more detail below, however, the Report and Recommendation correctly identifies another basis for dismissing Ms. Atherton's claims against the Library, requiring the Marshals Service to properly serve the Library is unnecessary.

### III. Failure to Identify a Government Policy

As an alternative basis for recommending dismissal of Ms. Atherton's complaint, Judge Pead concluded that Ms. Atherton's civil rights claims under Section 1983 failed because Ms. Atherton failed to allege that the purported violation of her civil rights constituted the implementation or execution of a "policy statement, ordinance, regulation, or decision officially adopted and promulgated by [Defendant's] officers" as required for municipal liability pursuant to Section 1983 under the Supreme Court's holding in *Monell v. Department of Social Services of*

---

[1] Rule 4(d)(2)(B) of the Utah Rules of Civil Procedure allows for service of process by mail on various types of entity defendants, but not on public boards, commissions, or bodies that may be personally served pursuant to Utah Rule 4(d)(1)(K).

*City of New York*, 436 U.S. 658, 690 (1978). According to the Report and Recommendation, Ms. Atherton has not "identified any policy, custom, or practice underlying her alleged detention or arrest, and cannot meet her burden by identifying a single incident of alleged unconstitutional activity." (Report and Recommendation at 9, ECF No. 50 (citing *City of Oklahoma City v. Tuttle*, 471 U.S. 808, 823-24 (1985).)

Ms. Atherton argues, in her objection, that she has alleged that there is a custom or practice of the Library and the Police incorrectly applying private trespassing law, rather than public trespassing law, at the Library to interfere with her constitutional right to enter the Library to conduct legitimate business. (Objection at 3-4, ECF No. 52.) This same argument was considered by Judge Pead, who determined that Ms. Atherton's allegations were not sufficient to demonstrate the existence of a custom or policy that violated her rights. (*See* Report and Recommendation at 9, ECF No. 50.) After reviewing the record, the court agrees with Judge Pead.

As an initial matter, Ms. Atherton is correct that, in general, she does have a First Amendment right to some level of access to a public library. *See Doe v. City of Albuquerque*, 667 F.3d 1111, 1120 n.6 (10th Cir. 2012) (holding that a ban on sex offenders accessing a public library violated the First Amendment). Ms. Atherton's right to access the public library, however, is not unfettered. As the Tenth Circuit recognized in *City of Albuquerque*, public libraries are typically considered designated public fora open to the public, subject to compliance with appropriate content-neutral time, place, and manner restrictions. *Id*. at 1128-31. Those restrictions must (a) serve a significant governmental interest, (b) be narrowly tailored to advance that interest, and (c) leave open ample alternative channels for the exercise of the constitutional right at issue. *Id*. at 1130-31. And, after providing appropriate due process, a library can bar someone from accessing

the library when such restrictions are violated. *See Kreimer v. Bureau of Police for Town of Morristown*, 958 F.2d 1242, 1262-65 (3d Cir. 1992) (public library's ban on patron for violating regulation against annoying other patrons and failing to maintain good hygiene constituted enforcement of a reasonable time, place, and manner restriction and not a violation of the constitution).

Thus, Ms. Atherton is correct that, because the Library is a public forum, arresting her for trespassing may have been a violation of her constitutional rights if she was not afforded proper due process. In that sense, trespass law works differently at the Library than it does on private property, where a person can be excluded for any or no reason at all.

But even assuming that Ms. Atherton's constitutional rights were violated when she was arrested for trespassing at the Library, Judge Pead was correct that this single alleged constitutional violation is not sufficient to state a claim for municipal liability under Section 1983 against Defendants.

In *Monell*, the Supreme Court made clear that a local government entity cannot be liable under Section 1983 for the unconstitutional actions of its employees or agents. 436 U.S. at 694. And in *City of Oklahoma City v. Tuttle*, the Court held that "[p]roof of a single incident of unconstitutional activity is not sufficient to impose liability under *Monell*, unless proof of the incident includes proof that it was caused by an existing, unconstitutional, municipal policy, which policy can be attributed to a municipal policymaker." 471 U.S. at 823-24.

Here, Ms. Atherton asserts that the Library and Police had a custom of applying private property trespassing law to justify her arrest for trespassing at the library, but her complaint contains no factual allegations to conclude that such a custom exists. Speculation regarding a

11

police officer's state of mind, or the training they receive regarding trespassing law, is not sufficient to state a claim for municipal liability under Section 1983 based on an unconstitutional custom or practice.

Accordingly, the court approves and adopts that portion of the Report and Recommendation recommending dismissal based on Ms. Atherton's failure to state a claim for municipal liability under Section 1983. According, Ms. Atherton's complaint will be dismissed pursuant to Section 1915(e)(2).

## IV. Prejudice

Having concluded that Ms. Atherton's complaint should be dismissed pursuant to Section 1915(e)(2), the court next considers whether the dismissal should be with or without prejudice. Because a dismissal under Section 1915(e)(2) is not a dismissal on the merits, "the dismissal does not prejudice the filing of a paid complaint making the same allegations." *Cf. Denton v. Hernandez*, 504 U.S. 25, 34 (1992) (concluding that a dismissal of a complaint as frivolous under a prior version of the *in forma pauperis* statute was not a dismissal on the merits). A dismissal under the IFP statute could, however, "have a res judicata effect on frivolousness determinations for future *in forma pauperis* petitions." *Id*. Therefore, the court must determine whether the factual allegations that have been found to be frivolous in this case can be remedied through more specific pleadings in order to determine whether to dismiss Ms. Atherton's complaint with or without prejudice. *Id. See also Harold v. Univ. of Colo. Hosp.*, 680 F. App'x 666, 671 (10th Cir. 2017) (quoting *Denton*, 504 U.S. at 34) (review of Section 1915(e)(2) dismissal with prejudice "should examine whether 'factual allegations could be remedied through more specific pleading' and

therefore whether a 'district court abused its discretion by dismissing the complaint with prejudice or without leave to amend.'").

Here, Ms. Atherton fails to identify any facts that could plausibly support a claim for municipal liability under Section 1983 against the City or the Police Department. As discussed above, there are no facts identified in Ms. Atherton's complaint that could support a conclusion that either the City or the Police Department adopted a policy or acted consistent with a custom or practice of violating the constitutional rights of those that are similarly situated to Ms. Atherton. Accordingly, because there is nothing in the record to support the conclusion that Ms. Atherton's claims against the City and the Police Department could be properly pleaded with more specific allegations, the court will dismiss the claims against the City and the Police Department with prejudice.

A review of the record, however, shows that Ms. Atherton may be able to state a claim against the Library under Section 1983 if she were to file a complaint with more specific allegations. As the Report and Recommendation recognized, Ms. Atherton has filed several separate lawsuits in this district relating to her time in Salt Lake City. (*See* Report and Recommendation at 8 n.3, ECF No. 50.) At least one of those cases concerned factual allegations that are apparently related to the current action. *See Atherton v. Salt Lake City Police Dep't* (hereinafter "June 17th Action"), Case No. 2:19-cv-00412-CW (D. Utah filed June 17, 2019).[2] In that case, Ms. Atherton alleged that she was subjected to a three month ban from the Salt Lake Library for overstaying her time there. (*Id*. at ECF No. 3.) Presumably, the trespassing charge that

---

[2] The June 17th Action was ultimately dismissed without prejudice for failure to prosecute. (*See* Case No. 2:19-cv-00412 at ECF No. 9.)

gave rise to the current action was based on the three-month Library ban alleged in the June 17th Action.

It is possible that the alleged ban on Ms. Atherton's presence at the Library constituted an unconstitutional policy that might subject the Library to municipal liability under Section 1983. *See City of Albuquerque*, 667 F.3d at 1121-35 (affirming summary judgment against City imposing liability under Section 1983 for City's unconstitutional prohibition on sex offenders entering public libraries). *See also Armstrong v. D.C. Public Library*, 154 F. Supp. 2d 67, 82 (D.D.C. Aug. 21, 2001) (granting summary judgment against library under Section 1983 for adopting and enforcing policy that permitted banning library patrons based on appearance alone). Therefore, it may be possible for Ms. Atherton to state a plausible claim against the Library by filing a complaint with more specific factual allegations regarding the imposition of the ban against her. Accordingly, the court finds that it is not appropriate to dismiss Ms. Atherton's claims against the Library with prejudice. Instead, Ms. Atherton's claims against the Library will be dismissed without prejudice.

## Conclusion

For the reasons set forth herein, the Report and Recommendation is approved and adopted in part as explained above. Pursuant to 28 U.S.C. § 1915(e)(2), the court hereby DISMISSES WITH PREJUDICE Ms. Atherton's claims against the City and the Police Department and DISMISSES WITHOUT PREJUDICE Ms. Atherton's claims against the Library.

DATED this 1st day of June, 2023.

BY THE COURT:

Clark Waddoups
United States District Judge